FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
9/20/2022 5:25 PM
JAMIE SMITH
DISTRICT CLERK
A-210466

NO. A210461

| | | |
|---|---|---|
| RONNIE LAFLEUR | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 58th JUDICIAL DISTRICT |
| | § | |
| ROOT INSURANCE COMPANY | § | JEFFERSON COUNTY, TEXAS |

## PLAINTIFFS'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff RONNIE LAFLEUR, in the above-styled and numbered cause, complaining of Defendant ROOT INSURANCE COMPANY, and for cause of action would respectfully show unto this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 2 of Texas Rule of Civil Procedure 190.

### II. PARTIES

Plaintiff, RONNIE LAFLEUR, is an individual who resides in Jefferson County, Texas.

Defendant ROOT INSURANCE COMPANY is a foreign insurance company that does business State of Texas. It can be served with process by and through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. *__A citation is requested at this time to be served via certified mail by the Jefferson County District Clerk's office__.*

### III. JURISDICTION AND VENUE

Venue is proper and permissive in Jefferson County, Texas as the incident made the basis of this suit occurred in Jefferson County. Further, Plaintiff suffered

1 | Page

damages within the jurisdictional limits of the Court. Plaintiff reserves the right to amend said pleading should additional facts become known which affect this evaluation.

### IV.    BACKGROUND FACTS

Plaintiff would show that on or about July 17, 2021, Plaintiff was operating a motor vehicle traveling northwest bound on Martin Luther King Parkway in Jefferson County, Texas. Donavan White was traveling southbound on Gulf Street. Donavan White failed to yield the right of way at his stop sign causing his vehicle to violently strike Plaintiffs vehicle. Donavan White failed to keep a proper lookout for Plaintiff and other drivers, failed to yield the right of way to oncoming traffic, failed to take prudent evasive action, and failed to safely apply his brakes, causing his vehicle to impact with Plaintiff's vehicle. Plaintiff suffered damages as a result.

At the time of the incident referenced Plaintiff was insured through ROOT INSURANCE COMPANY. The auto insurance policy issued by ROOT INSURANCE COMPANY to Plaintiffs ("the Policy") was in effect at the time of the collision. The Policy provided for uninsured/underinsured motorist coverage.

### V.    NEGLIGENCE

The occurrence making the basis of this suit and the resulting injuries and damages were proximately caused by the negligence and negligence per se of Donavan White.

Donavan White had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by the driver's

negligent, careless, and reckless breach of said duty.

The negligent, careless, and reckless breach of duty of the driver consisted of, but is not limited to, the following acts and omissions:

1. In failing to maintain a proper lookout for the Plaintiff's and other motorist's safety that would have been maintained by an ordinary, prudent person under the same or similar circumstances;

2. In failing to yield the right of way;

3. In failing to take prudent evasive action; and

4. In failing to safely apply his brakes.

Each of these acts and omissions, singularly or in combination with others, constitute negligence and negligence per se. Such acts and omissions proximately caused the occurrence made the basis of this suit and the resulting injuries and damages suffered by Plaintiff.

### VI.  UNINSURED/UNDERINSURED MOTORIST CLAIM

Because Donavan White's negligence proximately caused the occurrence and he failed to maintain financial responsibility in a sufficient amount to pay all damages proximately caused by his negligence, Plaintiffs made a claim with Defendant ROOT INSURANCE COMPANY for uninsured/underinsured motorist benefits that were available on Plaintiff's auto insurance policy issued by ROOT INSURANCE COMPANY. Plaintiff sues Defendant ROOT INSURANCE COMPANY herein for all damages and policy benefits to which he is entitled as a result of the above-mentioned collision.

In violation of Chapter 541 of the Texas Insurance Code, Defendant failed to respond to Plaintiff's demand for resolution of his claim in a timely manner.

Defendant's actions have violated sub-sections (b)(2), (b)(4), and (b)(5) of Chapter 542 of the Texas Insurance Code.

In addition, Defendant ROOT INSURANCE COMPANY has breached its contract with Plaintiff in that it has failed to timely and properly pay his Personal Injury Protection, or "PIP", proceeds as provided under the policy.

Pursuant to Chapter 37 of the Texas Civil Practices and Remedies Code, Plaintiffs seek a judgment from this Court regarding the rights and responsibilities under Plaintiff's insurance and a judgment regarding the negligence of Donavan White and the amount of Plaintiff's damages, caused by Donavan White.

## VII.   DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff suffered and endured anxiety, pain, and illness resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff incurred the following damages:

- A.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident.

- B.  Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

- C.   Physical pain and suffering in the past;

- D.   Mental anguish in the past;

- E.   Physical pain and suffering in the future;

- F.   Mental anguish in the future;

- G.   Physical impairment in the past;

    H.    Physical impairment which, in all reasonable probability, will be suffered in the future;

    I.    Loss of earnings in the past;

    J.    Loss of earning capacity which will, in all probability, be incurred in the future;

    K    Property damage to Plaintiff's vehicle;

    L.    Physical disfigurement in the past; and

    M    Physical disfigurement which will, in all probability, be suffered in the future.

As discussed above, Plaintiff suffered not only easily quantifiable economic damages, but also other forms of damages such as mental anguish and physical pain and will likely continue to suffer these damages in the future. Plaintiff is required by Texas law to state the maximum amount of damages he seeks. Plaintiff believes that when the totality of his damages are considered, along with the wrongful nature of Defendant's conduct, it is possible that a fact finder may ultimately decide that Plaintiff's damages exceed two hundred fifty thousand dollars ($250,000.00) but it is unlikely that a fact finder would decide that Plaintiff's damages exceed one million dollars ($1,000,000.00). Plaintiff therefore sues for a sum in excess of two hundred fifty thousand dollars but not to exceed one million dollars to be determined by the fact finder in its sole discretion.

## VIII. INTEREST

Plaintiff will additionally show he is entitled to recover pre- and post-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiff now sues for recovery of pre- and post-judgment interest as provide by Texas law.

## IX. ATTORNEY'S FEES

Plaintiff would show that by virtue of Defendant's actions, as more particularly described above, Plaintiff retained the services of the undersigned attorney to initiate this cause of action. By virtue of the Texas Insurance Code, Plaintiff is entitled to recover all reasonable and necessary attorney's fees incurred in the prosecution of Plaintiff's claims.

## X. RULE 194 REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is hereby requested to disclose the information or material described in Rule 194.2. in a manner contemplated by the TRCP.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant, ROOT INSURANCE COMPANY be cited to appear and answer herein and that upon final trial, Plaintiff has judgment against Defendant for actual and special damages described above in the full amount allowed by law, together with costs of court, pre-judgment and post-judgment interest, and for relief, both general and special, at law or in equity, to which Plaintiff is justly entitled to receive.

Respectfully Submitted,

GLAZE | GARRETT, PLLC

_____
**Andrew M. Birdsell**
Texas Bar No. 24077966
**Greg Geddie**
Texas Bar No. 24116419
P.O. Box 1599
Gilmer, Texas 75644
T: 903-843-2323/ F: 888-511-1225
a.birdsell@glazegarrett.com
g.geddie@glazegarrett.com
**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andrew Birdsell on behalf of Andrew Birdsell
Bar No. 24077966
a.birdsell@glazegarrett.com
Envelope ID: 68452323
Status as of 9/21/2022 8:17 AM CST
Associated Case Party: RONNIE LAFLEUR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Andrew Birdsell | | a.birdsell@glazegarrett.com | 9/20/2022 5:25:30 PM | SENT |